## State of Connecticut *v.* Mark Jenkins
## (12587)

Peters, C. J., Healey, Shea, Santaniello and Callahan, Js.

Argued January 9—decision released February 18, 1986

*Jon C. Blue,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Roland D. Fasano,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

PETERS, C. J. The only issue in this appeal is whether a trial court has discretion to suspend a part of the sentence of a person convicted of kidnapping in the first degree without the use of a firearm. The defendant, Mark Jenkins, was convicted, after a trial to a jury, of burglary in the second degree, a violation of General Statutes § 53a-102,[1] and kidnapping in the first degree, a violation of General Statutes § 53a-92 (a) (2) (C).[2] The trial court, after determining that it was required to impose a minimum ten year sentence without suspension for the kidnapping conviction, sentenced the defendant to concurrent sentences of two years' imprisonment for the burglary conviction and ten years' imprisonment for the kidnapping conviction. Finding error in the trial court's interpretation of the applicable statutes, we remand for resentencing.

For the purposes of this appeal, it is sufficient to note that the state proved, at trial, that the defendant and Gregory Howard in the early hours of July 14, 1983, broke into the kitchen of an apartment at Brookside Avenue in New Haven. When the fifteen year old victim entered the kitchen to investigate the disturbance, the two men choked him, threatened him, and dragged him outside. The victim was dragged in the direction of a nearby park. Once the victim was no longer being choked, he began to scream and the men fled the scene.

---

[1] General Statutes § 53a-102 provides: "BURGLARY IN THE SECOND DEGREE: CLASS C FELONY. (a) A person is guilty of burglary in the second degree when he enters or remains unlawfully in a dwelling at night with intent to commit a crime therein."

[2] General Statutes § 53a-92 (a) (2) (C) provides: "KIDNAPPING IN THE FIRST DEGREE. (a) A person is guilty of kidnapping in the first degree when he abducts another person and when . . . (2) he restrains the person abducted with intent to . . . (C) terrorize him or a third person . . . ."

The victim ran to the home of a neighbor to report the crime. A medical examination disclosed that the victim had sustained neck injuries that were consistent with his having been choked. The defendant does not contest that this evidentiary showing was sufficient to sustain his conviction of the crimes with which he was charged.[3]

At the sentencing proceedings, the defendant urged the trial court to consider suspending part of the ten year sentence, which is the minimum sentence for conviction under General Statutes § 53a-92. The defendant acknowledged that this statute describing the offense of kidnapping in the first degree made the offense a class A felony, and that §§ 53a-28 and 53a-29 prohibited suspension of sentences for class A felonies. However, he asked the court to read these statutes in conjunction with the provisions of § 53a-92a, governing kidnapping in the first degree with a firearm. Because the latter statute permits suspension of the sentence after one year, the defendant argued that an ambiguity existed between the statutes. He therefore urged the court to consider suspending the sentence in this case after seven years.

The trial court, although agreeing with the defendant that there was some ambiguity in the relationship between the relevant statutes, determined that it was constrained to follow §§ 53a-28 and 53a-29 and to impose a mandatory sentence. The court expressly stated to the defendant that "[p]erhaps your recommended sentence might be the better avenue to take but I don't feel the law permits me to do so." The record is therefore clear that the trial court, despite the

---

[3] The defendant and Gregory Howard were charged with commission of the same crimes, and were tried jointly. Like the defendant, Howard was convicted of the crimes charged, and sentenced to an effective term of imprisonment of ten years. Howard has not appealed the judgment against him.

defendant's argument to the contrary, ruled that it was constrained not to consider a partially suspended sentence.

Our review of the propriety of the sentencing proceedings at trial must start with a close reading of the applicable statutes. The defendant stands convicted of the crime of kidnapping in the first degree, a crime which, under General Statutes § 53a-92 (b),[4] is punishable as a class A felony. Class A felonies other than murder are punishable, under General Statutes § 53a-35a (3),[5] by a term of imprisonment of "not less than ten years nor more than twenty-five years." Although General Statutes § 53a-28[6] authorizes the sus-

---

[4] General Statutes § 53a-92 (b) provides: "KIDNAPPING IN THE FIRST DEGREE. . . . (b) Kidnapping in the first degree is punishable as a class A felony."

[5] General Statutes § 53a-35a (3) provides: "IMPRISONMENT FOR ANY FELONY COMMITTED ON OR AFTER JULY 1, 1981: DEFINITE SENTENCES; TERMS AUTHORIZED. For any felony committed on or after July 1, 1981, the sentence of imprisonment shall be a definite sentence and the term shall be fixed by the court as follows . . . (3) for a class A felony other than murder, a term not less than ten years nor more than twenty-five years . . . ."

[6] General Statutes § 53a-28 provides: "Sec. 53a-28. AUTHORIZED SENTENCES. (a) Except as provided in chapter 368p, to the extent that such chapter is inconsistent herewith, every person convicted of an offense shall be sentenced in accordance with this title.

"(b) Except as provided in sections 53a-45, 53a-46a, 53a-54b and 53a-92, when a person is convicted of an offense, the court shall impose one of the following sentences: (1) A term of imprisonment; or (2) a sentence authorized by sections 18-65a or 18-73; or (3) a fine; or (4) a term of imprisonment and a fine; or (5) a term of imprisonment, with the execution of such sentence of imprisonment suspended, entirely or after a period set by the court, and a period of probation or a period of conditional discharge; or (6) a term of imprisonment, with the execution of such sentence of imprisonment suspended, entirely or after a period set by the court, and a fine and a period of probation, or a period of conditional discharge; or (7) a fine and a sentence authorized by section 18-65 or 18-73; or (8) a sentence of unconditional discharge.

"(c) A sentence to a period of probation or conditional discharge in accordance with sections 53a-29 to 53a-34, inclusive, shall be deemed a revocable disposition, in that such sentence shall be tentative to the extent that it may be altered or revoked in accordance with said sections but for all other purposes it shall be deemed to be a final judgment of conviction."

pension of a term of imprisonment in whole or in part, and the substitution therefor of a period of probation or conditional discharge, General Statutes § 53a-29 (a) and (b)[7] preclude probation or conditional discharge, and hence suspension of imprisonment, for class A felonies. By a logic that both parties recognize as unassailable, these statutes require the imposition of a term of imprisonment not subject to suspension upon those who, like the defendant, are convicted of a class A felony. *State* v. *Lopez,* 197 Conn. 337, 353–55, 497 A.2d 390 (1985). These statutes, read by themselves, fully support the position taken by the trial court in this case.

Unfortunately, the unassailable logic of this statutory pattern must be reconciled with the enactment, in 1975, of General Statutes § 53a-92a.[8] That statute

---

[7] General Statutes § 53a-29 provides in relevant part: "Sec. 53a-29. PROBATION AND CONDITIONAL DISCHARGE: CRITERIA; PERIODS. (a) The court may sentence a person to a period of probation upon conviction of any crime, other than a class A felony, if it is of the opinion that: (1) Present or extended institutional confinement of the defendant is not necessary for the protection of the public; (2) the defendant is in need of guidance, training or assistance which, in his case, can be effectively administered through probation supervision; and (3) such disposition is not inconsistent with the ends of justice.

"(b) The court may impose a sentence of conditional discharge for an offense, other than a class A felony, if it is of the opinion that: (1) Present or extended institutional confinement of the defendant is not necessary for the protection of the public; and (2) probation supervision is not appropriate."

[8] General Statutes § 53a-92a provides: "Sec. 53a-92a. KIDNAPPING IN THE FIRST DEGREE WITH A FIREARM: CLASS A FELONY: ONE YEAR NOT SUSPENDABLE. (a) A person is guilty of kidnapping in the first degree with a firearm when he commits kidnapping in the first degree as provided in section 53a-92, and in the commission of said crime he uses or is armed with and threatens the use of or displays or represents by his words or conduct that he possesses a pistol, revolver, machine gun, shotgun, rifle or other firearm. No person shall be convicted of kidnapping in the first degree and kidnapping in the first degree with a firearm upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information.

"(b) Kidnapping in the first degree with a firearm is a class A felony for which one year of the sentence imposed may not be suspended or reduced by the court."

contains three provisions. First, it describes the elements of the new crime of kidnapping in the first degree with a firearm. Second, it forbids simultaneous conviction of this new crime and the pre-existing crime of kidnapping in the first degree. Third, and most significantly for present purposes, it provides, in subsection (b), that "[k]idnapping in the first degree with a firearm is a class A felony for which one year of the sentence imposed may not be suspended or reduced by the court." For the crime of kidnapping in the first degree with a firearm, concededly a crime more serious than that of kidnapping in the first degree, the legislature has substituted a *one year* nonsuspendible minimum sentence for the previously established *ten year* mandatory minimum sentence. The effect of the enactment of § 53a-92a (b) is to link a more serious crime with a less serious penalty.

The legislative history of the enactment of § 53a-92a reveals that it was part of a statutory package; Public Acts 1975, No. 75-380; intended to strengthen penalties for the commission of designated crimes when the commission of those crimes involved the use of firearms. 18 S. Proc., Pt. 5, 1975 Sess., pp. 2293–96 (remarks of Sen. David M. Barry); p. 2297 (remarks of Sen. Joseph P. Flynn) and; pp. 2296–97 (remarks of Sen. George L. Gunther); 18 H. R. Proc., Pt. 10, 1975 Sess., p. 4853 (remarks of Rep. James T. Healey); 18 H. R. Proc., Pt. 10, 1975 Sess., p. 4859 (remarks of Rep. Walter J. Henderson); pp. 4858–59 (remarks of Rep. Paul C. DeMennato). The legislature assumed that existing mandatory minimum sentences provided adequate sanctions for serious crimes but sought to add a one year mandatory minimum sentence for lesser class B, class C and class D felonies. The sole class A felony included in the public act is kidnapping in the first degree. As the state suggests, it is likely that the legislature simply erred in including kidnapping in the

first degree in Public Acts 1975, No. 75-380, mistakenly deeming it among the "lesser crimes" requiring stiffer penalties.

The question before us, then, is how this court should deal with legislative error that mistakenly assigns a lesser penalty to a greater crime. Read literally, the statutes impose on this defendant, convicted of kidnapping in the first degree, a mandatory minimum sentence that exceeds by nine years the mandatory minimum sentence that would be faced by someone convicted of kidnapping in the first degree with a firearm. Such a discrepancy necessarily implicates the equal protection clauses of our federal and state constitutions.[9]

To avoid a constitutional confrontation, each of the parties urges us to construe the statutes to effectuate legislative intent. They urge us to consider a variety of suggestions for interpretations that might serve to reconcile the 1975 statute with the pre-existing sentencing pattern. None of these arguments, in the form advanced by the litigants, is ultimately persuasive.

The defendant argues that we should assign primary importance to the legislative intent, in Public Acts 1975, No. 75-380, of providing more severe penalties for

[9] The fourteenth amendment to the United States constitution provides in relevant part:

"(CITIZENSHIP DEFINED. PRIVILEGES OF CITIZENS.)

"Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Article first, § 20, of the Connecticut constitution provides:

"(EQUAL PROTECTION. NO SEGREGATION OR DISCRIMINATION.)

"Sec. 20. No person shall be denied the equal protection of the law nor be subjected to segregation or discrimination in the exercise or enjoyment of his civil or political rights because of religion, race, color, ancestry or national origin."

crimes involving the use of firearms than for those that do not involve such use. Accordingly, the defendant maintains that we should construe the statutes in their entirety to permit unlimited judicial discretion to suspend sentences in crimes *not* involving the use of firearms. The defendant would have us find ambiguity in §§ 53a-28 and 53a-29 so that a trial court retains discretion to suspend any sentence, even upon conviction of a class A felony. The state persuasively responds that the language of the statutes precludes such a construction. A court may suspend imprisonment, under § 53a-28 (b) (5), only if it instead imposes a sentence of probation or of conditional discharge. Under § 53a-29 (a) and (b), a court may not impose a sentence of probation or of conditional discharge on a class A felon. Indeed, the defendant himself concedes that §§ 53a-28 and 53a-29, in the absence of § 53a-92a, unambiguously preclude the discretionary authority for which he argues, and this court has recently so held. *State* v. *Lopez,* supra.

The state offers three different constructions to implement the intent of the public act to enhance penalties for firearm-related crimes. Its first suggestion is that the new statute creates a statutory safety net to provide a minimum mandatory prison term of one year in the event that a future legislature dismantles the existing statutory framework requiring mandatory minimum sentences for class A felonies. The state itself recognizes that this interpretation "is not precisely what the legislature intended" in enacting § 53a-92a. Its second suggestion is to view § 53a-92a not as a statute that creates a new offense but rather as a penalty-enhancing statute, intended to add an additional year to the mandatory minimum for firearm-related kidnappings. Although the legislature might have enacted a penalty-enhancing statute, the language of § 53a-92a unequivocally demonstrates that it did not do so. In sub-

section § 53a-92a (a), the statute expressly speaks of kidnapping in the first degree and kidnapping in the first degree with a firearm as separate offenses. Finally, the state suggests that if § 53a-92a creates an irreconcilable constitutional conflict with the penal code's other sentencing provisions, this court should rule that § 53a-92a is a nullity. The state has, however, failed to indicate the grounds, short of constitutional infirmity, upon which a court may nullify a later statute when it conflicts with one earlier enacted. "It is a well established principle of statutory construction that later enactments by the General Assembly are presumed to repeal earlier inconsistent ones to the extent that they are in conflict. *Beccia* v. *Waterbury,* 185 Conn. 445, [458–59], 441 A.2d 131 (1981); *C. White & Son, Inc.* v. *Rocky Hill,* 181 Conn. 114, 123, 434 A.2d 949 (1980); *Pizzola* v. *Planning & Zoning Commission,* 167 Conn. 202, 206, 355 A.2d 21 (1974). . . . Although repeal by implication is generally disfavored, this route is incumbent upon us when . . . the two relevant statutes cannot stand together. See *State* v. *Carbone,* 172 Conn. 242, 256, 374 A.2d 215, cert. denied, 431 U.S. 967, 97 S. Ct. 2925, 53 L. Ed. 2d 1063 (1977)." *Southern Connecticut Gas Co.* v. *Housing Authority,* 191 Conn. 514, 521–22, 468 A.2d 574 (1983).

The state's argument of nullification, because it serves as a reminder of the doctrine of repeal by implication, provides a sound basis for *sustaining* the defendant's argument that his sentence needs further review. The legislature, cognizant of the constitutional guarantees of equal protection, must be deemed to have sought to attain a rational and sensible result that avoids placing a statute in constitutional jeopardy. *Peck* v. *Jacquemin,* 196 Conn. 53, 63–64, 491 A.2d 1043 (1985); *Moscone* v. *Manson,* 185 Conn. 124, 128, 440 A.2d 848 (1981). It is not rational and sensible to impose a lesser term of mandatory imprisonment on one convicted of

kidnapping with the use of a firearm than on one convicted for a similar crime not involving a firearm. To avoid the constitutional quagmire that otherwise would confront us, we hold that the legislation codified as § 53a-92a (b) has created an irreconcilable conflict in the statutes governing mandatory minimum sentences for kidnapping in the first degree. Resolution of this irreconcilable conflict must be resolved in accordance with two governing principles: (1) a later statute repeals an earlier one, with which it cannot reasonably be reconciled, "to the extent of the repugnance"; *Shippee* v. *Zoning Board of Appeals,* 188 Conn. 555, 556–57, 451 A.2d 285 (1982); and (2) a criminal statute is construed strictly against the state and in favor of the accused. *State* v. *Dupree,* 196 Conn. 655, 660, 495 A.2d 691, cert. denied, 474 U.S.    , 106 S. Ct. 318, 88 L. Ed. 2d 301 (1985). We therefore further hold that, until the legislature takes corrective action, the sentencing provision of § 53a-92a (b) governs all prosecutions for kidnapping in the first degree. Accordingly, the trial court was in error in refusing to exercise the discretion conferred upon it by § 53a-92a (b) to consider suspension of the defendant's sentence of imprisonment after one year.

There is error, the judgment is set aside and the case is remanded for resentencing in accordance with this opinion.

In this opinion the other judges concurred.