STATE OF CONNECTICUT *v.* GREGORY HOWARD
(13060)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and DUPONT, Js.

Argued May 1—decision released June 9, 1987

*Merle Berke-Schlessel,* special public defender, with
whom, on the brief, was *Jonathan J. Einhorn,* for the
appellant (defendant).

1

*James G. Clark,* assistant state's attorney, with whom, on the brief, was *Roland D. Fasano,* assistant state's attorney for the appellee (state).

PER CURIAM. The sole issue in this appeal is whether the trial court erred in failing to include the statutory definition of intent in its instructions to the jury on the elements of the crime of kidnapping in the first degree. See General Statutes § 53a-3 (11).[1] The defendant, Gregory Howard, was charged by substitute information with the crimes of burglary in the second degree, in violation of General Statutes § 53a-102, and kidnapping in the first degree, in violation of General Statutes § 53a-92 (a) (2) (C).[2] He was tried before a jury with a codefendant, Mark Jenkins, who was charged with the same crimes. The jury found the defendant guilty as charged on July 17, 1984. On August 20, 1984, the trial court, *Testo, J.,* sentenced the defendant to concurrent terms of imprisonment for two years on the burglary count and ten years on the kidnapping count. After resentencing by the trial court, *Kinney, J.,* to the

[1] "[General Statutes] Sec. 53a-3. DEFINITIONS. Except where different meanings are expressly specified, the following terms have the following meanings when used in this title . . . (11) A person acts 'intentionally' with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct."

[2] "[General Statutes] Sec. 53a-102. BURGLARY IN THE SECOND DEGREE: CLASS C FELONY. (a) A person is guilty of burglary in the second degree when he enters or remains unlawfully in a dwelling at night with intent to commit a crime therein."

"[General Statutes] Sec. 53a-92. KIDNAPPING IN THE FIRST DEGREE. (a) A person is guilty of kidnapping in the first degree when he abducts another person and when: (1) His intent is to compel a third person to pay or deliver money or property as ransom, or to engage in other particular conduct or to refrain from engaging in particular conduct; or (2) he restrains the person abducted with intent to (A) inflict physical injury upon him or violate or abuse him sexually; or (B) accomplish or advance the commission of a felony; or (C) terrorize him or a third person; or (D) interfere with the performance of a government function."

same concurrent terms,[3] the defendant has appealed to this court from the judgment of his conviction.

This appeal is governed by our recent decision in *State v. Sinclair*, 197 Conn. 574, 580–81, 500 A.2d 539 (1985). In this case, as in *Sinclair*, the trial court properly instructed the jury that the state had the burden of proving the element of intent required for the commission of the crime, but did not include the statutory definition of intent in its instruction.[4] As in this case, the defendant in *Sinclair* also failed to take exception to the portion of the charge that he now challenges as erroneous.[5]

*State v. Sinclair* addressed both the procedural and the substantive aspects of the claimed error in the instruction on specific intent. We first determined that such a claim of error was reviewable under *State v. Evans*, 165 Conn. 61, 69–71, 327 A.2d 576 (1973), because a "failure adequately to instruct the jury on each essential element of the crime charged, including intent, might result in a due process violation implicating the fairness of [the] trial . . . ." *State v. Sinclair*, supra, 580. Thereafter we concluded, upon reviewing the trial court's charge in its entirety, that, notwith-

---

[3] The defendant's resentencing came about because resentencing of a codefendant was mandated by our decision in *State v. Jenkins*, 198 Conn. 671, 680, 504 A.2d 1053 (1986). In that case, we concluded that the trial court, *Testo, J.*, had improperly refused to exercise his discretion to consider imposing a lesser sentence on the kidnapping charge. Accordingly, we set aside the judgment and remanded the case for resentencing. As a result of the *Jenkins* decision, the judgment against this defendant was also set aside and the case remanded for resentencing. On August 15, 1986, the trial court, *Kinney, J.*, imposed a new sentence on the defendant identical to the one originally imposed by Judge Testo.

[4] In *State v. Sinclair*, 197 Conn. 574, 500 A.2d 539 (1985), the defendant was charged with and convicted of burglary in the second degree, in violation of General Statutes § 53a-102. Like kidnapping in the first degree, burglary in the second degree is a specific intent crime.

[5] The defendant also failed to submit a request to charge incorporating the desired instruction on intent.

standing the omission of the statutory definition, the trial court had adequately instructed the jury on the requisite element of intent. "Jury instructions are calculated to give the jurors a clear understanding of the elements of the crime charged, and to afford them proper guidance for their determination of whether those elements were present. . . . As long as the charge as given achieves these goals, it is constitutionally adequate." Id., 581.

The defendant argues that *Sinclair* is distinguishable because in *Sinclair,* unlike this case, the trial court explained the ordinary meaning of intent to the jury and equated intent with criminal purpose. We disagree. The trial court's instructions in this case made it clear to the jury that proof of criminal intent was a necessary element of the crime of kidnapping in the first degree, and that it was the state's burden to prove intent beyond a reasonable doubt. We conclude that "the trial court's failure specifically to define intent, at least in the absence of a request or exception by the defendant, was not reversible error because it is not reasonably possible that the jury was misled as to its meaning." Id.

There is no error.