[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Brian Thomas Candy ("Brian Thomas") moves for summary judgment claiming that the Commissioner of Revenue Services ("Commissioner") did not have the authority under Conn. Gen. Stat.12-295 (1991) to suspend its license to distribute cigarettes in Connecticut.
Brian Thomas is a wholesaler of, among other things, cigarettes. The Commissioner, invoking 12-295, suspended its license to distribute cigarettes in Connecticut after determining that it had sold cigarettes below cost, in violation of Conn. Gen. Stat. 12-326b, during at least two weeks between September 27, 1991, and November 7, 1991.
Brian Thomas argues that the Commissioner improperly invoked12-295 because in 1991, Conn. Gen. Stat. 12-326g, which allows fines but not suspensions, was the sole penalty provision for violations of 12-326b. This claim is based upon a purported anomaly in the cigarette tax chapter, presently Chapter 214, of the General Statutes.
The cigarette tax was first enacted in 1935. 1935 Conn. Sup. 464c, et seq. The original cigarette tax chapter contained the forerunner to 12-295, which authorized the Commissioner to "revoke the license of any dealer or distributor for failure to comply with any provision of this chapter." 1935 Conn. Sup. 467c. In 1967, the Commissioner was given additional authority to suspend the licenses of those violating a provision of the Chapter 214. 1967 Conn. Public Acts 788, 7. Thus, in 1991, 12-295 provided: "The commissioner may suspend or revoke the license of any dealer or distributor for failure to comply with any provision of this chapter . . ."[1]
The legislature first prohibited distributors from selling cigarettes below cost in 1945. 1945 Conn. Sup. 304h. Subsequently, the statute was amended to oblige dealers to refrain from doing the same. 1951 Conn. Sup. 427b. This provision is presently codified as Conn. Gen. Stat. 12-326b. Also in 1945, a penalty statute was enacted authorizing the "tax commissioner" to "suspend or revoke any license issued under this chapter for CT Page 297 failure of the licensee to comply with any provision of [1945 Conn. Sup. 304h-313h]." This is the precursor of what later was codified as Conn. Gen. Stat. 12-327, which was, still later, repealed in 1984. 1984 Public Acts 492, 7.
In 1951, the legislature imposed mandatory fines for licensees violating any of the statutes that are today in the third part of Chapter 214. 1951 Conn. Sup. 431b. This act was the forerunner of Conn. Gen. Stat. 12-326, which in 1984 was amended to fine "any dealer" or "any distributor" violating provisions in Part III.
Along with the entire third part of the cigarette tax chapter, 12-326 was repealed and reenacted in 1990. 1990 Conn. Public Acts 293. In the 1991 General Statutes, this penalty provision was codified as 12-326g. Section 12-326g no longer refers to "distributors" but instead imposes mandatory fines on "dealers," "stamping agents," "subjobbers" and "chain stores." While 12-326g
permits the imposition of fines it does not mention, either affirmative or negatively, the suspension of licenses. Given this legislative history, I now turn to the issue before me: Did12-326g eclipse 12-295 as the sole penalty provision for violations of 12-326b in 1991?
Our Supreme Court has explained that,
 "[T]he moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." 6 Moore, Federal Practice (2d Ed.) 56.15[3]; Plouffe v. New York, N.H. 
H.R. Co., 160 Conn. 482, 488, 280 A.2d 359. (1971).
D.H.R. Construction v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980). Because there remains a genuine issue of material fact that has not been addressed by either party, I cannot reach the legal question presented by Brian Thomas' motion.
Brian Thomas argues that specific statutes, such as 12-326g, must prevail over general provisions such as 12-295. Gaynor v. Union Trust Co., 216 Conn. 458, 477-78, 582 A.2d 190 (1990). It CT Page 298 contends that 12-326g, which was enacted after 12-295, repeals12-295 to the extent that the two are inconsistent. State v. Jenkins, 198 Conn. 671, 679, 504 A.2d 1053 (1986).
"`[E]nactments by the General Assembly are presumed to repeal earlier inconsistent ones to the extent that they are in conflict . . . . Because repeal by implication is generally disfavored, however, the principle applies only when the relevant statutes cannot stand together . . . .' Dugas v. Lumbermen's Mutual Casualty Co., 217 Conn. 631, 641, 587 A.2d 415 (1991)." Wilson v. Cohen,222 Conn. 591, 598, 610 A.2d 1177 (1992). Thus, Brian Thomas must first demonstrate that the two statutes conflict in this case. It must, consequently, set forth facts showing that both 12-295 and12-326g apply to this case.
Both parties have pleaded that the Commissioner suspended the plaintiff's distributor's license. Therefore, it is clear that, standing alone, 12-295 applies to the facts of this case. Brian Thomas, however, has not demonstrated that 12-326g applies to the facts of this case. Section 12-326g provides:
 Any dealer violating any provision of 12-326a to 12-326h, inclusive, shall be fined not less than two hundred fifty dollars for the first offense and not less than five hundred dollars for each subsequent offense. Any stamping agent, subjobber or chain store violating any provision of said sections shall be fined not less than five hundred dollars for the first offense and not less than one thousand dollars for each subsequent offense.
A "dealer" is "any person other than a distributor who is engaged in this state in the business of selling cigarettes . . ." (Emphasis added.) Conn. Gen. Stat. 12-285. As such, the definitions of dealer and distributor are mutually exclusive. Nothing before me indicates that the plaintiff is a dealer, licensed or otherwise. The first sentence of 12-326g, therefore, does not apply to this case.
The second sentence of 12-326g does not grant the. Commissioner the authority to fine distributors that sell cigarettes below cost unless they are stamping agents, subjobbers, or chain stores. One can be a distributor without falling under one of these definitions, as the definition of "distributor" in Conn. Gen. Stat. 12-285 makes clear. It is, therefore, necessary to inquire whether Brian Thomas falls within any one of these three CT Page 299 categories. Section 12-326a sets forth the definitions of "stamping agent," "subjobber," and "chain store" as follows:
 (a) As used in sections 12-326a to 12-326h, inclusive, (1) "stamping agent" means a licensed distributor other than a buying pool, who purchases cigarettes at wholesale from manufacturers or other distributors for sale to licensed dealers and who maintains an established place of business, including a location used exclusively for such business, which has facilities in which a substantial stock of cigarettes and related merchandise for resale can be kept at all times, and who sells at least seventy-five per cent of such cigarettes to retailers who, at no time, shall own any interest in the business of the distributor as a partner, stockholder or trustee; (2) "subjobber" means a licensed distributor who purchases stamped cigarettes at wholesale for sale to licensed dealers who, at no time, shall own any interest in the business of the distributor as a partner, stockholder or trustee; (3) "chain store" means a licensed distributor (A) operating or franchising five or more retail stores in this state for the sale of cigarettes who purchases cigarettes at wholesale either from another distributor or direct from the manufacturer for sale to dealers but sells such cigarettes exclusively in or to retail stores such person is operating or franchising or (B) operating and servicing twenty-five or more cigarette vending machines in this state who buys such cigarettes at wholesale and sells them exclusively in such vending machines . . ."
Neither the pleadings nor anything else submitted by the parties indicate that Brian Thomas is a stamping agent, subjobber or chain store. (Interestingly, the Commissioner did not fine Brian Thomas, although such a fine would be mandatory if Brian Thomas were indeed a stamping agent, subjobber, or chain store.) Brian Thomas has thus failed to carry its burden of making it "quite clear" what the truth is because there remains a genuine issue of material fact as to whether it is a stamping agent, subjobber or chain store. Consequently, I cannot determine as a matter of fact that both 12-326g and 12-295 apply to this case. I therefore do not reach the legal question of whether 12-326g
eclipses 12-295 in cases to which both statutes apply. That issue must be left for another day. The motion for summary judgment is denied. CT Page 300
Jon C. Blue Judge of the Superior Court