STATE OF CONNECTICUT *v.* RAY CHARLES WRIGHT
(AC 15773)

Foti, Landau and Schaller, Js.

Argued March 21—officially released September 9, 1997

*William J. Shea*, special public defender, for the appellant (defendant).

*Michael E. O'Hare*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Joseph C. Valdes*, deputy assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of larceny in the second degree in violation of General Statutes §§ 53a-119[1] and 53a-123 (a) (3).[2] On appeal, he claims that the trial court violated his equal protection rights under the state and federal constitutions when it sentenced him for larceny in the second degree for the taking of property from a person, an offense with a maximum sentence of ten years in prison, while a conviction for robbery in the third degree—taking property with the use or the threat of immediate use of physical force—has a maximum sentence of only five years in prison.[3] We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On February 19, 1995, the victim, Angel Rivera, was walking on Capitol Avenue in Hartford when he was approached by the defendant. When the defendant

[1] General Statutes § 53a-119 provides in relevant part: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ."

[2] General Statutes § 53a-123 (a) provides: "A person is guilty of larceny in the second degree when he commits larceny as defined in section 53a-119 and: (1) The property consists of a motor vehicle, the value of which exceeds five thousand dollars, (2) the value of the property or service exceeds five thousand dollars, (3) the property, regardless of its nature or value, is taken from the person of another, or (4) the property is obtained by defrauding a public community, and the value of such property is two thousand dollars or less."

[3] General Statutes § 53a-136 provides: "(a) A person is guilty of robbery in the third degree when he commits robbery as defined in section 53a-133.

"(b) Robbery in the third degree is a class D felony."

General Statutes § 53a-133 provides: "A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny."

asked Rivera if he was a gang member, Rivera responded that he was not. The defendant then demanded that Rivera remove his coat and give it to him. Rivera complied and the defendant ran away with the coat. Thereafter, Rivera returned home and told his mother, Hilda Cordero, that the defendant had taken his coat. Cordero called the police and reported the incident.

The next day, Rivera and Cordero were on their way to the Greater Hartford Community Center when they observed the defendant on the corner of Albany Avenue in Hartford. The defendant was wearing the coat that he had taken from Rivera the previous day. Subsequently, Rivera and Cordero drove to the community center, telephoned the police and reported that they had seen the defendant wearing Rivera's coat. Officer Dennis O'Connor of the Hartford police department, who responded to the call, went to the community center, interviewed Rivera and then proceeded to the corner of Albany Avenue where he saw the defendant. O'Connor placed the defendant in his cruiser and drove him back to the community center. Rivera then identified the defendant as the man who had taken his coat, and O'Connor seized the coat the defendant was wearing as evidence and placed him under arrest.

After a jury trial, the defendant was convicted of larceny in the second degree. Subsequently, the trial court sentenced the defendant to a term of imprisonment for eight years, imposition of which was suspended after five years, followed by probation for a period of five years. This appeal followed.

The defendant's sole claim on appeal is that larceny in the second degree is a crime of a less serious nature than robbery in the third degree because larceny in the second degree does not involve the element of the use or the threat of immediate use of physical force, and

that, because the penal statutes assign a greater penalty to larceny in the second degree, a class C felony, than they do to robbery in the third degree, a class D felony, they violate the equal protection clauses of the state and federal constitution.[4] See *State* v. *O'Neill*, 200 Conn. 268, 285–89, 511 A.2d 321 (1986); *State* v. *Jenkins*, 198 Conn. 671, 676–80, 504 A.2d 1053 (1986).

"A party contesting a statute's constitutionality has a heavy burden to prove unconstitutionality beyond a reasonable doubt." *State* v. *Dupree*, 196 Conn. 655, 663, 495 A.2d 691, cert. denied, 474 U.S. 951, 106 S. Ct. 318, 88 L. Ed. 2d 301 (1985); see also *Kellems* v. *Brown*, 163 Conn. 478, 486, 313 A.2d 53 (1972), appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678 (1973). "The classification of crimes is for the legislature." *State* v. *Rao*, 171 Conn. 600, 603, 370 A.2d 1310 (1976). In examining the rationality of a legislative classification, we are bound to defer to the judgment of the legislature unless the classification is clearly irrational and unreasonable. *State* v. *Simmat*, 184 Conn. 222, 224–25, 439 A.2d 915 (1981)." *State* v. *Dupree*, supra, 665.

After our review of the statutes involved in this case, we determine that this is not a case of "legislative error that mistakenly assigns a lesser penalty to a greater crime"; *State* v. *Jenkins*, supra, 198 Conn. 677; nor is it a case where a more serious crime is linked with a less serious penalty. Id., 676. By classifying larceny in the second degree as a class C felony, the legislature has recognized its serious nature and has classified it accordingly. This recognition finds support in *State* v. *Arena*, 33 Conn. App. 468, 486, 636 A.2d 398 (1994), aff'd, 235 Conn. 67, 663 A.2d 972 (1995), where we stated that " '[t]he stealing of property from the person has

---

[4] We note that this claim was raised for the first time on appeal. We review it, however, under the rule of *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973), and *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

been from an early period under the English statutes treated as a much graver and more heinous offense than ordinary or common theft—partly by reason of the ease with which it could be perpetrated and the difficulty of guarding against it, and partly because of the greater liability of endangering the person or life of the victim.'" Accordingly, we conclude that the defendant has failed to demonstrate that the legislature's classification of larceny in the second degree as a class C felony is irrational or unreasonable.

The judgment is affirmed.

In this opinion the other judges concurred.