[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO PRECLUDE IMPOSITION OF MANDATORY MINIMUM SENTENCE
After a jury trial, the defendant, Manuel Ceballos, was convicted of sexual assault first degree in violation of General Statutes § 53-70 (a)(2) and risk of injury to a minor in violation of General Statutes § 53-21 (2). Sentencing is presently scheduled for August 20, 2001. The defendant has moved to preclude the imposition of the mandatory minimum ten year sentence prescribed by General Statutes § 53a-70
(b). For the reasons set forth below, the motion is granted.
 I BACKGROUND
At trial, the alleged victim testified that she was eight years old and had a date of birth of November 27, 1992. This evidence was not challenged. The incidents upon which the charges were based occurred in May, 2000 when the victim was seven years old. The defendant was convicted of violating § 53a-70 (a)(2) which, as relevant here, provides that "[a] person is guilty of sexual assault first degree when such person . . . engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person."
Based on the jury's guilty verdict on this charge, the defendant faces a maximum penalty of twenty years imprisonment. Moreover, § 53a-70
(b) provides that "[s]exual assault in the first degree is a class B felony for which two years of the sentence imposed may not be suspended or reduced by the court or, if the victim of the offense is under ten years of age, for which ten years of the sentence imposed may not be CT Page 12278 suspended or reduced by the court."
Accordingly, on the present record, the defendant faces a mandatary minimum sentence often years. It is this mandatory minimum sentence that the defendant challenges in the present motion.
 II DISCUSSION
The defendant raises two separate constitutional challenges to the ten year mandatory minimum provisions of § 53a-70 (b). First, the defendant raises an equal protection challenge based on a comparison of the mandatory minimum sentencing provisions of sexual assault first degree (§ 53a-70) and aggravated sexual assault first degree (§53a-70a). Second, the defendant claims that imposing the ten year mandatory minimum sentence would violate his due process rights because the jury did not make a finding that the victim was under ten years old.
Preliminarily, it is noted that in Connecticut the classification of crimes is for the legislature. State v. Dupree. 196 Conn. 655, 665,495 A.2d 691, 74 U.S. 951, 106 S.Ct. 318, 88 L.Ed.2d 301 (1985). "It is the general rule that while the legislature has wide power to prescribe the nature, character and extent of defined offenses, its power to fix penalties is, however, subject to constitutional proscription." State v.O'Neill. 200 Conn. 268, 288, 511 A.2d 321 (1986). "The legislature is entitled to establish more severe penalties for acts which it believes have a greater impact and graver consequences." Id. In addition, as in any constitutional challenge to the validity of a statutory scheme, the statutory scheme "is presumed constitutional . . . and the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." Heller v. Doe, 509 U.S. 312,320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993).
 Equal Protection
In 1995, the Legislature amended § 53a-70 to provide for a ten year mandatory minimum sentence if the victim of a first degree sexual assault was under ten years of age. Public Acts 1995, No. 95-142, § 13. There can be no serious dispute that the legislature may choose to deter sexual assaults upon young children by setting a more severe penalty for such conduct. See State v. Wright, 246 Conn. 132, 148, 716 A.2d 870 (1998) (legislature has a legitimate interest in deterring crime by setting more severe penalties for certain offenses). The question presented here is not whether the legislature can constitutionally decide to punish perpetrators of child sexual assaults more severely, but rather whether CT Page 12279 their implementation of that decision through the enactment ofPublic Act 95-142 can be constitutionally reconciled with § 53a-70a, aggravated sexual assault first degree.
As relevant here, aggravated sexual assault first degree provides that "[a] person is guilty of aggravated sexual assault in the first degree when such person commits sexual assault in the first degree as provided in section 53a-70, and in the commission of such offense (1) such person uses or is armed with and threatens the use of or displays or represents by such persons words or conduct that such person possesses a deadly weapon, (2) with intent to disfigure the victim seriously and permanently, or to destroy, amputate or disable permanently a member or organ of the victim's body, such person causes such injury to such victim; (3) under circumstances evincing an extreme indifference to human life such person recklessly engages in conduct which creates a risk of death to the victim, and thereby causes serious physical injury to such victim, or (4) such person is aided by two or more other persons actually present." § 53a-70a (a). The statute further provides that "any person found guilty under this section shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or reduced by the court . . ." § 53a-70a (b).
It is apparent from the text of the two statutes that sexual assault first degree (§ 53a-70) is a lesser included offense of aggravated sexual assault first degree (§ 53a-70a). Indeed, § 53a-70 (a) explicitly states that a person is guilty of aggravated sexual assault first degree only when such person commits sexual assault first degree (§ 53a-70) and, in addition, one of the five aggravating factors is present.
The effect of this statutory scheme is that the presence of an aggravating factor can result in a lesser mandatory minimum sentence. For example, in the present case the defendant was convicted of sexually assaulting a seven year old child and faces a ten year mandatory minimum under § 53a-70 (b). A different defendant who committed the same type of sexual assault upon a seven year old child and, in addition, used a deadly weapon would face a five year mandatory minimum sentence under § 53a-70a (b). It is this disparate result that the defendant asserts is irrational and violates his constitutional right to equal protection.
Our Supreme Court has outlined the contours of an equal protection analysis as follows: "the analytical predicate [of consideration of an equal protection claim] is a determination of who are the persons similarly situated." (Citations omitted; internal quotation marks omitted.) State v. Wright, supra, 246 Conn. 138-39. "The equal protection clause does not require absolute equality or precisely equal advantages CT Page 12280 [between such similarly situated persons]. . . ." Ross v. Moffitt,417 U.S. 600, 612, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); State v.Wright, supra, 246 Conn. 139. "Where . . . the classification at issue neither impinges upon a fundamental right nor affects a suspect group it will withstand constitutional attack if the distinction is founded on a rational basis." State v. Wright, supra, 246 Conn. 139. "Rational basis review is satisfied so long as there is a plausible policy reason for the classification . . ." Id., 139-40. "[I]t is irrelevant whether the conceivable basis for the challenged distinction actually motivated the legislature." Id., 140.
Twice before, our Supreme Court has confronted legislative irregularities similar to the present case. In State v. Jenkins,198 Conn. 671, 504 A.2d 1053 (1986), the court reviewed a statutory scheme in which kidnapping in the first degree (§ 53a-92 (a)(2)(C)) carried a mandatory minimum sentence often years whereas kidnapping first degree with a firearm (§ 53a-92a) carried a one year mandatary minimum sentence. The court observed that the effect of this statutory scheme was "to link a more serious crime with a less serious penalty." Id., 676. The court further observed "[i]t is not rational and sensible to impose a lesser term of mandatory imprisonment on one convicted of kidnapping with the use of a firearm than on one convicted for a similar crime not involving a firearm." Id., 680. To avoid what was described as a "constitutional quagmire" the court in Jenkins ruled that the one year mandatory minimum applied to both crimes. Id.
In State v. O'Neill, supra, 200 Conn. 268, the Supreme Court again confronted this issue in connection with mandatory minimum sentences prescribed for arson (§ 53a-111 (a)(1)) and arson murder (§53a-54d). The defendant in O'Neill was convicted of arson and faced a mandatory nonsuspendable minimum sentence often years. The defendant argued that the sentencing structure was unconstitutional because a sentence for arson murder could properly be suspended. See State v.Dupree, supra, 196 Conn. 655. The court in O'Neill agreed with the language in Jenkins that the "discrepancy necessarily implicates the equal protection clauses of our federal and state constitutions." (Internal quotation marks omitted.) State v. O'Neill. supra, 200 Conn. 287. The court further found "a compelling constitutional parallel" between the arson/arson murder scheme and the kidnapping/kidnapping with a firearm scheme reviewed in Jenkins. Id., 289. Finding a violation of the defendant's equal protection rights, the court in O'Neill remanded the matter to the trial court to consider suspension of the defendant's sentence of imprisonment. Id.
The issue here is whether there is a similar "compelling constitutional parallel" between the sexual assault/aggravated sexual assault statutory CT Page 12281 scheme and the schemes struck down in Jenkins and O'Neill. In this regard, it is useful to compare the present situation with the legislative classification upheld by our Supreme Court in State v.Wright, 246 Conn. 132.
In Wright, the question was whether the legislature's decision to classify larceny second degree (theft from person) as a class C felony while classifying robbery third degree (simple robbery) as a class D felony, violated the defendant's equal protection rights. Id., 132. In upholding this classification against constitutional attack, the Supreme Court emphasized that larceny from the person and simple robbery were two separate and distinct crimes since each had an element that the other did not. Id., 142. Given that distinction, the Supreme Court observed that the legislature could rationally conclude that the trespass involved in larceny from the person warranted a greater penalty. Id., 145-146.
The Wright decision also distinguished Jenkins on two grounds. First, it observed that unlike theft from person and simple robbery which are separate crimes, kidnapping first degree is a lesser included offense of kidnapping first degree with a firearm. Id., 153. In addition, the opinion noted that in Jenkins there were indications of "legislative error" not present in Wright. Id.
In the present case, based on the statutory language discussed above, sexual assault first degree is a lesser included offense of aggravated sexual assault first degree. Moreover, while this court would not presume to make a determination of legislative error, there are indications of concern in the legislative history regarding the ten year mandatory minimum provision. The provision was introduced as a floor amendment prompting one legislator to describe its language as "flawed" and stating that the provision could be better crafted as a separate statute. See remarks of Representative Lawlor, 38 H.R.Proc., Pt. 8, 1995 Sess., pp. 2669-73. In sum, the present case is distinguishable from Wright.
The state argues that the disparity in mandatory minimum sentences is remedied by the provision in § 53a-70a that requires a combination of imprisonment and special parole that equals twenty years, § 53a-70a
(b), whereas § 53a-70 (b) only requires a combination of imprisonment and special parole that equals ten years. This argument is not persuasive for two reasons. First, there is obviously a significantly greater deprivation of liberty involved in actual imprisonment as opposed to living in the community under the supervision of a parole officer. This difference alone supports the equal protection concerns discussed above. Second, in State v. O'Neill, supra, 200 Conn. 268, our Supreme Court found the sentencing scheme unconstitutional based on a comparison of mandatory minimum sentences, even though the maximum exposure for arson CT Page 12282 murder (life imprisonment) was greater than the maximum for arson first degree (20 years).
This court is mindful that declaring an enactment of the legislature unenforceable on constitutional grounds is not a matter to be taken lightly. It must be emphasized that this ruling in no way substitutes the court's judgment for that of the legislature as to the penalty required for the sexual assault of young children. It is the manner in which the legislature executed that policy decision that raises constitutional concerns. Indeed, had the legislature added a sixth category of aggravated sexual assault first degree for sexual assaults of children under ten years old and prescribed a mandatory minimum sentence of ten years for that aggravating factor, the equal protection issue would not exist. See State v. Wright, supra, 246 Conn. 153 (rational basis for different penalties for separate and distinct crimes). As promulgated, however, the present statutory scheme suffers from the same defect as confronted by our Supreme Court in Jenkins and O'Neill and therefore the court finds that it would be a violation of the defendant's equal protection rights to enforce the ten year mandatory minimum sentence in this case.[1]
 III CONCLUSION
For the reasons set forth above, the motion to preclude imposition of the mandatory minimum ten year sentence is granted. Although the state urges the court to consider the five year mandatory minimum prescribed by § 53a-70a (b) as now applicable, the court believes that the two year minimum mandatory sentence prescribed by § 53a-70 (b) should apply. This approach is consistent with the offense of conviction, § 53a-70, as well as the general principle that criminal statutes should be construed strictly against the state and in favor of the accused. Statev. Dupree, supra, 196 Conn. 660.
Accordingly, at his sentencing for violation of sexual assault first degree the defendant shall be exposed to a maximum sentence of twenty years imprisonment and a mandatory minimum sentence of two years imprisonment. Nothing in this opinion should be construed as any indication of the sentence the court actually intends to impose.
So Ordered at New Haven, Connecticut this 16th day of August 2001.
Robert J. Devlin, Jr., Judge